## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No.:

SANDRA DUDLEY, individually,
and on behalf of all others similarly
situated,

       *Plaintiff*,

   vs.

PREMERA BLUE CROSS, a Washington
nonprofit corporation,

       *Defendants.*

_____/

## CLASS ACTION COMPLAINT

Plaintiff, SANDRA DUDLEY ( "Plaintiff" or "Dudley"), individually, and on behalf of all others similarly situated (the "Class" or "Class Members"), by and through her undersigned counsel, hereby file this Class Action Complaint against Defendant, PREMERA BLUE CROSS ("Premera" or "Defendant"), and allege as follows:

## NATURE OF THE ACTION

1.     Pursuant to Rules 23(a), (b)(2), and (b)(3), *Federal Rules of Civil Procedure*, Plaintiff brings this consumer class action lawsuit against Defendant for its failure to adequately safeguard and secure the personal, medical and financial data, including names, medical data, clinical data, claims history, member identification numbers, social security numbers, personal bank account numbers, credit card numbers, other financial data, addresses, email addresses, telephone numbers, and other sensitive data of Plaintiff and members of the Class, and to remedy

the damages suffered by Plaintiff and members of the Class as a result of Defendant's unlawful conduct.

2.      Premera is a large health insurer that provides medical coverage to its insureds.

3.      As a health insurance company, Premera obtained and stored its insureds' personal, identifiable information ("PII"), on its computers and servers. Premera's insureds expect and are entitled to have their PII be given a high level of protection due to its sensitive and confidential nature. Numerous state and federal statutes across the country recognize the sensitivity and utmost level of security required for this type of data. The PII at issue in this case includes without limitation names, medical data, clinical data, social security numbers, personal bank account numbers, credit card numbers, other financial data, addresses, email addresses, telephone numbers, and other highly-sensitive and personal data of Plaintiff and the Class Members. The nature of the PII makes it susceptible to abuse, theft and exploitation, and requires the utmost protection in its storage and handling.

4.      Data breaches cost American consumers hundreds of millions of dollars a year. According to the Identity Theft Resource Center, 675 million records have been exposed since 2005, many of which as a result of data breaches that occurred during that time span.[1] The present case stems from the largest breach involving patient medical data reported to date.[2] Medical records are highly valuable in underground criminal exchanges because the information is not only highly confidential, it can also be used to engage in insurance fraud.[3]

---

[1] "Identity Theft Resource Center Breach Report Hits Record High in 2014," January 12, 2015, http://www.idtheftcenter.org/ITRC-Surveys-Studies/2014databreaches.html (last visited May 8, 2015).

[2] "Premera Blue Cross Says Data Breach Exposed Medical Data," Reuters, March 17, 2015, http://www.nytimes.com/2015/03/18/business/premera-blue-cross-says-data-breach-exposed-medical-data.html?_r=0 (last visited May 8, 2015).

[3] *Id.*

5.      Premera's failure to provide adequate cyber security has resulted in the exposure of sensitive and highly confidential personal, medical and financial data and/or PII of more than 11 million of Premera's insureds.

6.      As a result of Defendant's failure to adequately protect Plaintiff's and the Class Members' highly sensitive personal, medical and financial information and/or PII, this information has been compromised.

7.      Defendant's failure to maintain reasonable and adequate procedures to protect and secure Plaintiff's and the Class Members' PII and failure to provide Plaintiff and the Class Members with timely notice of the Breach, has resulted in Plaintiff and the Class being placed in danger of identity theft and other possible fraud and abuse.

8.      Plaintiff and the Class have suffered irreparable damage and will continue to suffer irreparable damage from the misuse of their PII. As a proximate result of the Breach, Plaintiff and the Class have had their PII compromised, their privacy invaded, have incurred or will incur out-of-pocket costs, and have otherwise suffered economic damages.  Plaintiff expressly reserves the right to supplement this Class Action Complaint as additional facts and evidence come to light, are disclosed by Defendant, or are otherwise discovered.

## PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff, SANDRA DUDLEY, is an individual over 18 years of age who resides in Hillsborough County, Florida.

10.     Defendant, PREMERA BLUE CROSS, is a nonprofit corporation with its principal place of business located at 7001 220th Street SW, Mountlake Terrace, Washington, 98043. Defendant can be considered a resident of Washington for diversity purposes. Defendant has a registered agent of CT Corporation System, 505 Union Ave SE, Ste 120, Olympia, WA 98501.

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because this is a class action lawsuit in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the Class Members are citizens throughout the State of Florida. Additionally, this Court has supplemental subject matter jurisdiction over the State law allegations raised in this Class Action Complaint, as provided by 28 U.S.C. § 1367(a).

12.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2), (b), and (c) because, as alleged herein, Defendant has conducted and transacted substantial business in this Judicial District, a substantial portion of the events and conduct giving rise to violations complained of in this action occurred in this Judicial District, and Defendant conducts business with consumers in this Judicial District.

## FACTUAL ALLEGATIONS

13.     Plaintiff and the Class Members are residents throughout the State of Florida.

14.     Defendant is a health insurance company based out of Washington, USA. Defendant has insureds and/or customers all across the country, including Florida.

15.     As an insurance company, Defendant collects, stores, and transmits a significant amount of highly-sensitive PII, on its computers and servers. This PII includes, without limitation, names, medical data, clinical data, social security numbers, personal bank account numbers, credit card numbers, other financial data, addresses, email addresses, telephone numbers, and other sensitive data of Plaintiff and the Class.

16.     Upon information and belief, the stored information includes that of current and past insureds and customers and other individuals whose PII was obtained by Defendant.

17.     The information stored by Defendant and exposed in the breach dates back to 2002.

18.     PII consisting in part, of medical data is more valuable to criminals in the underground, black market.

19.     In addition to the ordinary duties to protect PII, as a covered entity under HIPAA, Defendant owed a further legal duty to protect and preserve PII and to properly notify those affected by a breach pursuant to HIPAA.

20.     45 CFR § 164.306 provides in pertinent part:

>   (a)  General requirements. Covered entities and business associates must do the following:
>
>>   (1) Ensure the confidentiality, integrity, and availability of all electronic protected health information the covered entity or business associate creates, receives, maintains, or transmits.
>>
>>   (2) Protect against any reasonably anticipated threats or hazards to the security or integrity of such information.
>>
>>   (3) Protect against any reasonably anticipated uses or disclosures of such information that are not permitted or required under subpart E of this part.
>>
>>   (4) Ensure compliance with this subpart by its workforce.
>
>   * * *
>
>   (e)   Maintenance. A covered entity or business associate must review and modify the security measures implemented under this subpart as needed to continue provision of reasonable and appropriate protection of electronic protected health information, and update documentation of such security measures in accordance with § 164.316(b)(2)(iii).

21.     45 CFR § 164.312 provides in pertinent part:

>   (1) Standard: Access control. Implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights as specified in § 164.308(a)(4).
>
>   (2) Implementation specifications:

          iv.    Encryption and decryption (Addressable). Implement a mechanism to encrypt and decrypt electronic protected health information.

22.    Upon information and belief, Defendant failed to safely and securely segregate highly sensitive medical information from other personally identifiable information and otherwise failed to properly encrypt data.

23.    Defendant's inadequate security procedures and failure to segregate medical data from other data and otherwise properly encrypt same, coupled with the value of medical information, made the PII of Plaintiff and the Class a prime target for a large scale data breach.

24.    Quite predictably, Defendant's system was hacked and the PII of Plaintiff and the Class was exposed.

25.    Upon information and belief, the breach originated on or about May 5, 2014 but was not discovered until January 29, 2015, following the announcement of another data breach involving a different company. [4]

26.    With due diligence, the breach would not have occurred and/or could have and should have been discovered much earlier.

27.    Three weeks before the first breach, federal auditors warned Defendant that its network-security procedures were inadequate and could be exploited by hackers. [5] The auditors gave 10 recommendations for Defendant to fix problems but Defendant did not even respond until

---

[4] "Murray Demands Answers from Premera Blue Cross Following Cyberattack that Impacted Millions of Washington State Residents," March 20, 2015, http://www.help.senate.gov/newsroom/press/release/?id=7ab95ff6-13d4-4838-b492-b9d4c94e4e37 (last visited May 8, 2015).

[5] "Feds Warned Premera About Security Flaws Before Breach," Mike Baker, Seattle Times, March 18, 2015, (http://www.seattletimes.com/business/local-business/feds-warned-premera-about-security-flaws-before-breach/) (last visited May 8, 2015)

June 30, 2014 and indicated that it made some changes and would complete others by the end of 2014.[6]

28.     Upon information and belief, as a result of the breach, approximately 11 million insureds, customers and others, including without limitation, individuals who reside in Florida, had their PII exposed, accessed and/or stolen.

29.     Unlike breaches involving retail and financial services companies, the Health Insurance Portability and Accountability Act (HIPAA) required Premera to provide notice to its insureds without unreasonable delay and no later than 60 days after discovery of the breach.[7]

30.     Florida law requires an even more immediate notification. Fla. Stat. § 501.171, provides in pertinent part:

> A covered entity shall give notice to each individual in this state whose personal information was, or the covered entity reasonably believes to have been, accessed as a result of the breach. Notice to individuals shall be made as expeditiously as practicable and without unreasonable delay, taking into account the time necessary to allow the covered entity to determine the scope of the breach of security, to identify individuals affected by the breach, and to restore the reasonable integrity of the data system that was breached, but no later than 30 days after the determination of a breach or reason to believe a breach occurred unless subject to a delay authorized under paragraph (b) or waiver under paragraph (c).

Fla. Stat. § 501.171(4)(a).

31.     Notwithstanding, Premera waited more than six weeks to announce the data breach and begin the process of notifying its insureds, including Plaintiff and the Class, that their highly sensitive personal information may have been compromised.

---

[6] *Id.*

[7] 45 CFR §§ 404. *See also fn 4,* http://www.help.senate.gov/newsroom/press/release/?id=7ab95ff6-13d4-4838-b492-b9d4c94e4e37.

32.     Irrespective of its duties concerning notice under HIPAA, Defendant owed a duty to Plaintiff and the Class to notify them about the breach within a reasonable amount of time under the circumstances.

33.     Defendant failed to notify Plaintiff and the Class within a reasonable amount of time and as a result, exposed Plaintiff and the Class to additional harm.

34.     The potential extent of the total damage caused by the Breach cannot be understated.

35.     At all times material hereto, Plaintiff was and is an insured of Premera.

36.     During that time in which Plaintiff has been an insured, Defendant has obtained and stored a vast amount of personal, medical, financial and otherwise highly sensitive and confidential PII.

37.     In addition to providing Defendant with a vast amount of PII, by virtue of being an insured, Plaintiff has given Defendant access to her past medical information, as well as other highly sensitive and confidential PII. Upon information and belief, Defendant has also obtained, through third parties, information concerning Plaintiff's medical history, prior diagnoses, medical data, clinical data, claims history, current and former member identification numbers, social security numbers, personal bank account numbers, credit card numbers, other financial data, addresses, email addresses, telephone numbers, and even information concerning the medical history and diagnoses of Plaintiff and Plaintiff's family members.

38.     Based on information and belief, some or all of Plaintiff's PII was exposed and/or stolen as a direct result of the breach.

39.      As a direct and proximate result of Defendant's failure to take reasonable and adequate steps to protect and secure PII and to provide Plaintiff with timely information regarding

the unauthorized access of their PII, Plaintiff has suffered damages in the past and will suffer future damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that it has been exposed, the value of time spent dealing with the breach, the loss of her right to privacy, and other damages.

## CLASS ACTION ALLEGTIONS

40.     Plaintiff brings this action on behalf of herself and all others similarly situated as permitted by Rules 23(a), (b)(2), and (b)(3), *Federal Rules of Civil Procedure*. The proposed Class consists of:

> **All current or former insureds and any other individuals residing in Florida whose personal and/or medical information was compromised in the data breach disclosed by Premera Blue Cross on or about March 17, 2015.**

41.     Plaintiff respectfully reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified, including without limitation, the inclusion of sub-classes.

42.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded is any judge or judicial staff member to whom this action is assigned, together with any relative of such judge or judicial staff member, and the spouse of any such persons.

43.     The Class is so numerous that joinder of such individuals is impracticable.

44.     The common questions of law and fact among all Class Members predominate over any issues affecting any individual Class Members and include the following:

> a.   Whether Defendant failed to implement and maintain commercially reasonable procedures to ensure the security of Plaintiff's and Class Members' Financial

Information;

b.   Whether Defendant failed to adequately secure customer PII stored in its processing system;

c.   Whether Defendant took reasonable measures to determine the extent of the Breach;

d.   Whether Defendant acted negligently in failing to implement and maintain commercially reasonable procedures to secure Plaintiff's and Class Members' PII;

e.   Whether Defendant acted negligently in delaying or failing to inform Plaintiff and Class Members of the Breach;

f.   Whether Defendant's conduct constitutes negligence;

g.   Whether Defendant's conduct was unfair, deceptive, and/or unconscionable;

h.   Whether Plaintiff and the Class Members have sustained monetary loss and the proper measure of that loss;

i.   Whether Plaintiff and the Class Members have sustained consequential loss, and, if so, to what measure; and

j.   Whether Plaintiff and the Class Members are entitled to declaratory and injunctive relief.

45.   Plaintiff will fairly and adequately protect the interests of the Class.

46.   Plaintiff's claims are typical of those of other Class Members, as there are no material differences in the facts and law underlying their claims and Plaintiff's prosecution of their claims will advance the claims of all Class Members.

47.   Plaintiff has retained competent counsel experienced in the prosecution of this type

of Class litigation.

48.     Class treatment of the claims set forth in this Class Action Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the proposed Class Members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between the Class Members and Defendant so that inconsistent treatment and adjudication of the claims would likely result.

49.     The litigation and trial of Plaintiff's claims are manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

50.     Adequate notice can be given to Class Members directly using information maintained in Defendant's records or through publication.

51.     Unless a class-wide injunction is issued, Defendant may fail to properly secure the PII of Plaintiff and Class Members, may continue to refuse to provide proper notification to Plaintiff and Class Members regarding the scope of the Breach, and may continue to act unlawfully as set forth in this Class Action Complaint.

52.     Defendant has acted or refused to act on grounds that apply generally to the Class, making final injunctive and declaratory relief appropriate to the Class as a whole.

53.     Defendant's acts and omissions are the direct and proximate cause of damage described more fully in the succeeding paragraphs of this Class Action Complaint.

## COUNT I

### Negligence

54.   Plaintiff adopts and realleges the allegations contained within paragraphs one (1) through fifty-three (53), *supra*, as if fully set forth herein.

55.   Defendant required Plaintiff and the Class to submit PII, including medical information and other highly sensitive data.

56.   Defendant obtained and stored Plaintiff's and the Class' PII.

57.   Upon accepting and storing Plaintiff's and Class Members' PII in its computer database systems and servers, Defendant undertook and owed a duty to Plaintiff and Class Members to exercise reasonable care to secure and safeguard that information and to utilize commercially reasonable methods to do so.  Defendant knew or should have known that the PII was private and confidential and should be protected as private and confidential.

58.   Defendant breached its duty by failing to take reasonable steps and use reasonable means to secure and safeguard the PII, to maintain its security systems, to correct known and/or suspected vulnerabilities in the system, and otherwise failing to act reasonably under the circumstances.

59.   Defendant also had a duty to provide reasonable notice of the breach to Plaintiff and the Class.

60.   Defendant breached its duty to notify Plaintiff and Class Members of the unauthorized access by waiting approximately six (6) weeks after learning of the Breach to notify Plaintiff and Class Members, and then by failing to provide Plaintiff and Class Members sufficient information regarding the Breach. To date, Defendant has not provided sufficient information to Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

61.   Through Defendant's acts and omissions described in this Class Action Complaint,

including Defendant's failure to provide adequate security and its failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen and misused, Defendant unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff's and Class Members' PII during the time it was within Defendant's possession or control.

62.    Further, through its failure to provide timely and clear notification of the Breach to consumers, Defendant prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their financial data, bank accounts, and personal identities.

63.    Defendant's failure to take proper security measures to protect Plaintiff's and Class Members' sensitive PII as described in this Class Action Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' PII by as yet unknowns persons or entities, which, upon information and belief, was stored without encryption or other security mechanisms on Defendant's own computer systems.

64.    Defendant failed to take proper security measures to protect Plaintiff's and Class Members' sensitive PII. Defendant's conduct was negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the PII stored on its computer systems from a reasonably foreseeable breach; failing to encrypt or segregate PII stored on its computers; limiting access and disclosure of PII; failing to conduct regular security audits; and failing to provide Plaintiff and Class Members with timely and sufficient notice that their sensitive PII had been compromised.

65.    Neither Plaintiff nor the other Class Members contributed to the Breach and subsequent misuse of their PII as described in this Class Action Complaint.

66.    Defendant knew or should have known that its computer databases and network for processing Plaintiff's and Class Members' PII and related information had security vulnerabilities.

67.     Defendant was negligent in light of those vulnerabilities, especially considering the apparent private and confidential nature of the data that Defendant maintained and used for its own profit.

68.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered damages in the past and will suffer future damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that it has been exposed, the value of time spent dealing with the breach, the loss of their right to privacy, and other damages.

## COUNT II

### Negligence *per se*

69.     Plaintiff adopts and realleges the allegations contained within paragraphs one (1) through fifty-three (53), *supra*, as if fully set forth herein.

70.     Defendant had a duty to secure and safeguard the personal information of its customers pursuant to HIPAA and other state and federal law.

71.     At all times material hereto, Defendant warranted that it would comport with its duties under HIPAA.

72.     Defendant violated HIPAA and other federal and state law by failing to secure and safeguard the PII and medical information belonging to Plaintiff and other members of the classes; by failing to implement protections against "reasonably anticipated threats," (*see* 45 C.F.R. § 164.306) and by failing to encrypt the PII and medical information (*see* 45 C.F.R. § 164.312).

73.     Defendant also had a duty under HIPAA and Fla. Stat. § 501.171, to notify Plaintiff and the Class in accordance with the requirements set forth in 45 C.F.R. § 164.404 and Fla. Stat. § 501.171.

74.     Defendant violated HIPAA and Fla. Stat. § 501.171 by failing to notify Plaintiff and other members of the classes in accordance with the requirements set forth at 45 C.F.R. § 164.404 and Fla. Stat. § 501.171.

75.     Plaintiff and the Class have suffered damages as a result of Defendant's negligence *per se*. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered damages in the past and will suffer future damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that it has been exposed, the value of time spent dealing with the breach, the loss of their right to privacy, and other damages.

<u>COUNT III</u>

**Violations of Florida's Deceptive and Unfair Trade Practices Act**

76.     Plaintiff adopts and realleges the allegations contained within paragraphs one (1) through fifty-three (53), *supra*, as if fully set forth herein.

77.     The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") is expressly intended to protect "consumers" like Plaintiff and Class Members from unfair or deceptive trade practices.

78.     Plaintiff and Class Members have a vested interest in the privacy, security and integrity of their PII, therefore, this interest is a "thing of value" as contemplated by FDUTPA.

79.     Defendant is a "person" within the meaning of the FDUTPA and, at all pertinent times, was subject to the requirements and proscriptions of the FDUTPA with respect to all of their business and trade practices described herein.

80.     Plaintiff and Class Members are "consumers" "likely to be damaged" by Defendant's ongoing deceptive trade practices.

81.     Defendant's unlawful conduct as described in this Class Action Complaint, was facilitated, directed, and mandated from Defendant's headquarters to the detriment of Plaintiff and

the Class.

82.     Defendant engaged in unfair and deceptive trade practices by holding itself out as providing a secure online environment and by actively promoting trust online with consumers, which created in consumers' minds a reasonable expectation of privacy to all consumers by promising that consumers' PII is safe but then fails to take commercially reasonable steps to protect the PII with which it is entrusted.

83.     Defendant violated FDUTPA by failing to properly implement adequate, commercially reasonable security measures to protect consumers' sensitive PII, as well as otherwise failing to comply with federal and state law concerning the security and safeguarding of PII.

84.     Defendant also violated FDUTPA by failing to immediately notify affected consumers, such as Plaintiff and the Class of the nature and extent of the Breach.

85.     Defendant represents its services as having a particular standard and quality. Contrary to this representation, Defendant failed to properly implement adequate, commercially reasonable security measures to hold PII in strict confidence, failed to safeguard Plaintiff's and Class Members' PII, failed to comply with federal and state laws concerning the security and safeguarding of PII and failed to protect against the foreseeable loss and misuse of this information.

86.     Plaintiff and the Class have suffered ascertainable losses as a direct result of Defendant's employment of unconscionable acts or practices, and unfair or deceptive acts or practices.

87.     Under FDUPTA, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief without proof of monetary damage, loss of profits, or intent to deceive. Plaintiff and the Class seek equitable relief and to enjoin Defendant on terms that the Court considers

appropriate.

88.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the Class. Unless preliminary and permanent injunctive relief is granted, Plaintiff and the Class will suffer harm, Plaintiff and the Class Members do not have an adequate remedy at law, and the balance of the equities weighs in favor of Plaintiff and the Class.

89.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered damages in the past and will suffer future damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that it has been exposed, the value of time spent dealing with the breach, the loss of their right to privacy, and other damages.

90.     At all material times, Defendant's deceptive trade practices are willful within the meaning of FUDTPA and, accordingly, Plaintiff and the Class are entitled to an award of attorneys' fees, costs and other recoverable expenses of litigation.

## COUNT IV

### Breach of Contract

91.     Plaintiff adopts and realleges the allegations contained within paragraphs one (1) through fifty-three (53), *supra*, as if fully set forth herein.

92.     Defendant entered into a contract with Plaintiff and the Class wherein Plaintiff and the Class agreed to pay premiums and Defendant agreed to provide health insurance coverage. A copy of the contract is not available at this time but will be requested in discovery. The contract and the terms of same are incorporated herein by reference.

93.     Pursuant to the terms of the contract, Defendant had a duty to secure and safeguard Plaintiff's and the Class' PII, and to otherwise comply with HIPAA and other federal and state statutes concerning the security of PII.

94.     Defendant breached its duty by failing to secure and safeguard the PII and medical information of Plaintiff and other members of the classes; by negligently maintaining its systems, by negligently storing Plaintiff's and the Class' PII, and otherwise failing to comply with its contractual obligations concerning the security and safeguarding of PII.

95.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered damages in the past and will suffer future damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that it has been exposed, the value of time spent dealing with the breach, the loss of their right to privacy, and other damages.

## COUNT V

### Unjust Enrichment

96.     Plaintiff adopts and realleges the allegations contained within paragraphs one (1) through fifty-three (53), *supra*, as if fully set forth herein.

97.     Plaintiff and Class Members conferred a benefit on Defendant by purchasing health insurance coverage and paying premiums. Defendant accepted and retained the benefit in the amount of the premiums paid and/or profits it earned.

98.      A portion of the fees paid by Plaintiff and the Class were supposed to be used to provide reasonable security procedures and protocol for the secure and safe storage and protection of PII.

99.     Defendant collected these fees but failed to provide reasonable security procedures and protocol for the secure and safe storage and protection of PII.

100.    Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's actions, as set forth herein. Defendant is and was at all times material aware or should have been aware that it did not maintain reasonable

security procedures and protocol for the secure and safe storage and protection of PII.

101.    Plaintiff and Class members do not have an adequate remedy at law against Defendant (in the alternative to the other causes of action alleged herein).

102.    Plaintiff and the Class are entitled to restitution of the excess amount paid for the health insurance coverage, over and above what the coverage was worth given the lack of reasonable security procedures and protocol.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, SANDRA DUDLEY, individually and on behalf of all others similarly situated, seeks relief as more fully set forth in this Complaint as follows:

A. For an order certifying that the action may be maintained as a Class action, under Rule 23, *Federal Rules of Civil Procedure*, and certifying Plaintiff, SANDRA DUDLEY, as a Class Representative, and designating his counsel as Counsel for the Class;

B. Finding that Defendant breached its duty to safeguard and protect Plaintiff's and the Class' PII, obtained and/or stored on Defendant's computer network;

C. Finding that Defendant breached its duty to timely notify Plaintiff and the Class about the breach;

D. For an award of declaratory and equitable relief as follows:

a. Requiring Defendant to adequately safeguard Plaintiff' and Class Members' PII, which may include subjecting itself to an independent audit to ensure this information is destroyed;

b. Enjoining Defendant from engaging in similar unfair, unlawful, and deceptive misconduct in the future;

      c.  Requiring Defendant to engage in a correct notice campaign.

E.  For an award of attorney's fees and costs;

F.  For an award of damages to be determined at trial; and

G.  For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

**Respectfully submitted,**

Dated: May 8, 2015

*/s/   Joshua H. Eggnatz, Esq.*
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
**EGGNATZ, LOPATIN & PASCUCCI, LLP**
5400 S. University Drive, Ste. 413
Davie, FL 33328
Tel:   (954) 889-3359
Fax:   (954) 889-5913
Mpascucci@ELPLawyers.com
JEggnatz@ELPLawyers.com

*Attorneys for Plaintiff*
*and the Proposed Class*